IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Williams, | ) | Civil Action No.: 4:13-cv-03305-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| American International Recovery; | ) | |
| AIG; McAngus, Goudelock & | ) | |
| Courie LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In November 2013, Plaintiff Randy Williams, proceeding *pro se*, filed this action against the above-captioned Defendants, alleging generally that they failed to provide him worker's compensation benefits after his claim was settled.[1] Compl., ECF No. 1. This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] The Magistrate Judge issued his R&R on January 22, 2014, R&R, ECF. No. 14, and Plaintiff filed timely objections to the R&R, Pl.'s Objs., ECF Nos. 16, 18. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without service of process for lack of subject matter jurisdiction.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing Plaintiff's complaint because he fails to allege claims that would support this Court's jurisdiction. Specifically, the Magistrate Judge reports (1) that Plaintiff does not allege a cognizable or plausible federal claim and (2) that the parties to the action are not completely diverse. In his objections, Plaintiff largely rehashes the allegations raised in his complaint. His only arguments relevant to the Magistrate Judge's recommendation are: (1) that this Court is a court of general jurisdiction, unlike an appellate court; (2) that the insurance adjuster, Pamela Gadsden, was from Charlotte, North Carolina; and (3) that his civil rights were violated (suggesting that the Court has federal question jurisdiction).

The Magistrate Judge's recommendation, however, was correctly based on the fact that Defendant McAngus, Goudelock & Courie LLC, like Plaintiff, is a South Carolina resident.

Moreover, the Magistrate Judge was unable to construe Plaintiff's allegations to support a federal question. After reviewing Plaintiff's complaint in light of the objections and exhibits submitted by Plaintiff, the Court, too, cannot find a federal question alleged that would support subject matter jurisdiction under 28 U.S.C. § 1331. The Court is mindful that it must liberally construe Plaintiff's complaint, but it is unaware, based on the facts alleged, of a federal claim upon which relief can be granted. In short, allowing this action to proceed past § 1915(e)(2) screening would require this Court "to conjure up questions never squarely presented to it" in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Magistrate Judge's well-reasoned recommendation to dismiss Plaintiff's complaint *without prejudice* is thus without error.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 28, 2014
Florence, South Carolina

3